UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SOUTH FORK BAND COUNCIL OF
WESTERN SHOSHONE OF NEVADA, et
al.,
         Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE
INTERIOR, et al.,
         Defendants.

3:08-CV-00616-LRH-RAM

ORDER

Presently before the court is Defendants United States Department of the Interior, United States Bureau of Land Management ("BLM"), and Gerald D. Smith's (collectively, "Defendants") Motion to Limit Judicial Review to the Administrative Record (#35). Defendant-Interventor Barrick Cortez, Inc. ("Cortez") has filed an opposition (#43). Plaintiffs South Fork Band Council of Western Shoshone of Nevada, et al. likewise have filed a response (#45).

In the present motion, Defendants seek to limit judicial review of Plaintiffs' claims to the administrative record. Neither Plaintiffs nor Cortez dispute that the court should review Plaintiffs' Federal Land Policy Management Act ("FLPMA") and the National Environmental Policy Act ("NEPA") claims pursuant to the Administrative Procedures Act ("APA"). Under the APA, the court conducts an appellate-type review of the administrative record alone and does not consider new evidence.

However, Cortez argues that the court should not review Plaintiffs' Religious Freedom Restoration Act ("RFRA") claim pursuant to the APA. Cortez maintains that the court needs to look beyond the administrative record and that Plaintiffs must prove the alleged RFRA violation by means of admissible evidence in an evidentiary hearing.

## I.     Application of the APA

The APA provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. "Under [the APA], federal courts lack jurisdiction over APA challenges whenever Congress has provided another 'adequate remedy.'" *Brem-Air Disposal v. Cohen*, 156 F.3d 1002, 1004 (9th Cir. 1998). Here, the issue is whether Congress precluded APA review of RFRA claims by providing an adequate alternative remedy.

Under the RFRA, a person with Article III standing "whose religious exercise has been burdened in violation of [the RFRA] may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against the government." 42 U.S.C. § 2000bb-1(c). Thus, "[w]ith the enactment of RFRA, Congress created a cause of action for persons whose exercise of religion is substantially burdened by a government action . . . ." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1068 (9th Cir. 2008).

In including a citizen-suit provision that enables a plaintiff to obtain "appropriate relief," the RFRA provides an adequate alternative remedy to review under the APA. Accordingly, the APA precludes judicial review of Plaintiffs RFRA claim, and the court lacks jurisdiction to review the RFRA claim under the APA.

## II     Scope of Review

Nonetheless, in the First Amended Complaint (#41), Plaintiffs also claim that BLM's "actions and omissions" directly violate the RFRA. Defendants maintain that even if Plaintiffs' RFRA claim is not brought pursuant to the APA, the court must resolve the claim based on the

2

administrative record alone because the RFRA does not establish a procedure for judicial review. Defendants argue that the "RFRA's silence on the standards for judicial review of federal agency action dictates that APA principles apply," and the court should therefore resolve the claim based on the administrative record. (Defs.' Mot. Limit Judicial Review (#35) at 5.)

"[I]n cases where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, [the Supreme Court] has held that consideration is to be confined to the administrative record and that no de novo proceeding may be held." *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963) (citations omitted). However, "in most instances, of course, where Congress intends review to be confined to the administrative record, it so indicates, either expressly or by use of a term like 'substantial evidence.'" *Chandler v. Roudebush*, 425 U.S. 840, 862 n.37 (1976).

The Supreme Court's decision in *Carlo Bianchi* is demonstrative. There, the Court held that in cases brought pursuant to the Wunderlich Act, 41 U.S.C. §§ 321-322, courts are restricted to a review of the administrative record and are not free to receive new evidence. The Court based its decision on both the language of the Act and the Act's legislative history. *Id.* at 714. First, with respect to the language of the Act, the Court noted that the statute states that it is an Act "[t]o permit review" of federal agency and department decisions. *Id.* at 714-15. Thus, the Court reasoned that the Act itself limits its application to review of agency action. *Id.* Further, the Court reasoned that the standards of review set forth in the act, including "arbitrary," "capricious," and "not supported by substantial evidence," are standards typically associated with a review limited to the judicial record. *Id.* at 715. Second, with respect to the legislative history, the Court noted that the House Report recommending the bill's enactment explicitly referenced the APA. *Id.* at 716. Moreover, the House Committee recognized the necessity of implementing the substantial evidence standard to ensure that the records of the hearing officers would be complete. *Id.* at 716-17.

3

This case is distinguishable from *Carlo Bianchi* and the other cases[1] cited by Defendants. First, there is no similar language in the RFRA stating that its purpose is to "permit [judicial] review" of agency decisions. Instead, in part the Act's purpose is to "provide a claim or defense to persons whose religious exercise is substantially burdened by government." 42 U.S.C. § 2000BB(b)(2). Second, the applicable standard of review in RFRA cases is whether, in substantially burdening a person's exercise of religion, the government has a "compelling interest" and implemented the least restrictive alternative. *See* 42 U.S.C. § 2000bb(b); *Cutter v. Wilkinson*, 544 U.S. 709 (2005); *Navajo Nation*, 535 F.3d at 1069. Unlike a standard of reviewing considering whether agency action is arbitrary, capricious, or supported by substantial evidence, the compelling interest standard does not imply a limited review of the record before the agency and whether the record supported the agency's decision. Instead, the compelling interest standard is broader and considers the justification for the agency's action and the means by which the agency implemented its goals.

Further, here the Environmental Impact Statement ("EIS") was not required to include and in fact does not include an RFRA analysis because the BLM is not responsible for implementing the RFRA's provisions. Although the EIS considered cultural uses in its analysis under the FLPMA, the EIS did not consider whether approving the Cortez Project would constitute a substantial burden on Plaintiffs' sincere exercise of religion or whether the "compelling interest" and "least restrictive alterative" tests had been satisfied. Accordingly, in preparing the EIS the BLM may not have gathered the necessary evidence to determine whether its actions would violate

---

[1] This case is distinguishable from the Ninth Circuit's decision in *Snoqualmie Indian Tribe v. Federal Energy Regulatory Commission*, 545 F.3d 1207 (2008), because there the court reviewed FERC's decision pursuant to the Federal Power Act. The Act provides that an agency action shall be upheld if supported by substantial evidence and provides an independent basis for subject matter jurisdiction. The court upheld FERC's decision as supported by "substantial evidence," the standard set forth in the Act. In addition, the Act provides that the courts of appeals, rather than district courts, are to review FERC decisions. Thus, FERC's decision in *Snoqualmie* went directly to the Ninth Circuit for review. Further, there FERC actually considered the RFRA claim on the record. As noted, here the BLM did not consider the RFRA in its analysis.

the RFRA.

Thus, the court finds that limiting its review of the RFRA claim to the administrative record is inappropriate here. The court has scheduled a hearing on Plaintiffs' Motion for a Preliminary Injunction (#12) to begin on January 20, 2009. Plaintiffs argue that an evidentiary hearing is not required at the preliminary injunction stage and urge the court to limit the hearing to oral argument. However, because as a part of its preliminary injunction analysis the court will have to consider the likelihood of Plaintiffs' success on the merits of the RFRA claim, an evidentiary hearing is appropriate. As Cortez requests, the court will first hold the evidentiary hearing on the RFRA claim and will then proceed to oral arguments on the remaining claims.

IT IS THEREFORE ORDERED that Defendants' Motion to Limit Judicial Review to the Administrative Record (#35) is hereby GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 7th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE