UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SOUTH FORK BAND, et al.,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF INTERIOR, et al.,

    Defendants.

3:08-CV-00616-LRH-RAM

ORDER

    Presently before the court is Plaintiffs South Forth Band Council of Western Shoshone of Nevada, Timbisha Shoshone Tribe, Te-Moak Tribe, Western Shoshone Defense Project, and Great Basin Resource Watch's (collectively, "Plaintiffs") Motion for Stay Pending Appeal (#70[1]). Defendants United States Department of the Interior, United States Bureau of Land Management, and Gerald D. Smith and Defendant-Intervenor Barrick Cortez, Inc. have filed oppositions (##76, 77) to which Plaintiffs replied (#78).

    On January 26, 2009, following a four-day hearing, the court announced a decision from the bench denying Plaintiffs' Motion for Preliminary Injunction (#12) and denying Barrick's Motion for Partial Judgment on the Pleadings (#37). The court followed that ruling with a written order (#69). On February 6, 2009, Plaintiffs filed a notice of appeal of the court's order denying the

---

[1] Refers to the court's docket number.

motion for preliminary injunction (#72).

Federal Rule of Civil Procedure 62(c) authorizes this court to grant an injunction pending an appeal. It reads as follows: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). The standard for evaluating injunctions pending appeal is similar to the standard for evaluating preliminary injunctions. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). The Ninth Circuit has established the following factors for deciding whether to issue a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Golden Gate Rest. v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (citation omitted).

Plaintiffs have failed to make the requisite showing. In support of the motion, Plaintiffs incorporate by reference the arguments previously raised in support of their motion for a preliminary injunction. Plaintiffs maintain that the court should grant its motion for stay "based on important legal and factual issues involved in this case that will be reviewed by the Ninth Circuit." (Pls.' Mot. Stay (#70) at 2.) However, Plaintiffs have failed to identify any specific legal or factual issues it deems significant.

In particular, in regard to the first factor, Plaintiffs have failed to demonstrate or to present new arguments indicating that they are likely to succeed on the merits of their claims or even that they have presented a substantial case on the merits. Concerning the second factor, as the court has previously found, the implementation of the Project will irreparably harm the environment. Although this factor weighs in Plaintiffs' favor, Plaintiffs have failed to demonstrate why a

Case 3:08-cv-00616-LRH-WGC   Document 79   Filed 02/11/09   Page 3 of 3

successful showing on this factor alone warrants a stay pending appeal. To the contrary, in the context of a preliminary injunction, the Ninth Circuit recently held, "Our law does not . . . allow us to abandon a balance of harms analysis just because a potential environmental injury is at issue." *Lands Council v. McNair*, 537 F.3d 981, 1005 (9th Cir. 2008) (en banc) (citations omitted).

With respect to the third factor, Plaintiffs have failed to refute the court's previous finding that Barrick will suffer substantial harm should the court prohibit the Project from going forward. Further, as the court concluded in its prior order, the public interest lies in favor of permitting the Project to move forward. Accordingly, the court will deny the motion for stay pending appeal.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Stay (#70) is hereby DENIED.

IT IS SO ORDERED.

DATED this 11th day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3