# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

SOUTH FORK BAND COUNCIL OF
WESTERN SHOSHONE OF NEVADA; et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE
INTERIOR; et al.,

Defendants,

and

BARRICK CORTEZ INC.

Defendant-Intervenor.

Case No. 3:08-cv-00616 LRH (RAM)

**AMENDED JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Plaintiffs South Fork Band Council of Western Shoshone of Nevada, Te-Moak Tribe of Western Shoshone Indians of Nevada, Timbisha Shoshone Tribe, Western Shoshone Defense Project, and Great Basin Resource Watch ("Plaintiffs"), Defendants United States Department of the Interior ("DOI"), United States Bureau of Land Management, Gerald M. Smith, District Manager, Battle Mountain District Office ("Defendants"), and Defendant-Intervenor Barrick Cortez Inc. ("Defendant-Intervenor") stipulate and agree to the following:

1. The parties may produce documents in the course of this litigation that are confidential and proprietary and limit disclosure by marking each page of the document with the words "Protected Document."

2. Only the parties' litigation counsel of record and the parties' consultants and/or experts retained by the parties having a need for the information in the performance of their duties in this litigation shall have access to the Protected Documents.

3. The persons who are permitted to receive the Protected Documents shall not use the Protected Documents or their contents, for any purpose other than this litigation and any appeals or subsequent remands. No person who receives, or otherwise has access to, the Protected

PARSONS
BEHLE &
LATIMER

1  Documents, or the contents thereof, solely by virtue of their disclosure in this case shall make
2  unauthorized disclosure of them or their content.

3      4.    If any person or party who receives the Protected Documents receives a request,
4  made pursuant to any federal or state law, from any person not subject to this Joint Stipulation or
5  Protective Order for access to, or copies of, any documents provided to the party pursuant to this
6  Joint Stipulation, that person or party shall not provide such access or copies without first
7  providing notice of the request to the party that produced the Protected Documents sufficiently in
8  advance of any disclosure so that the producing party may object or seek a protective order.

9      5.    Any person or party intending to disclose, use, release, or provide to any person or
10 entity any Protected Document by claiming to be in the possession of the Protected Document
11 from a source other than this case must (1) provide notice of its intent to the party that produced
12 the Protected Documents sufficiently in advance of any disclosure so that the producing party
13 may object or seek a protective order, and (2) upon the request of the party that produced the
14 Protected Document, demonstrate how the person or party intending to disclose or otherwise use
15 the Protected Document came to be in possession of that information.  Upon receiving the
16 response from the person or party intending to disclose or otherwise use the Protected Document
17 to the request contemplated by number (2) of the preceding sentence, the party that produced the
18 Protected Documents may seek a protective order, and the person or party intending to disclose or
19 otherwise use the Protected Document, or contents thereof, may not do so until the court resolves
20 the motion for a protective order.  Any person or party who makes a disclosure of information
21 which is contained in the Protected Documents shall, upon written request by the producing party,
22 promptly identify the independent, publicly available source of the challenged information.
23 Failing or refusing to do so shall be deemed a violation of this Protective Order.

24     6.    The Protected Documents may be disclosed only to the parties' litigation counsel,
25 or persons in the employ of such litigation counsel, or to the parties' consultants and/or experts
26 retained by the parties who have a need for the information in the performance of their duties in

27
28

this litigation. The Protected Documents shall not be disclosed to the parties or their employees, agents, or members, except as provided herein.

7. Except for the Court and its employees, all individuals having access to the Protected Documents and all individuals to whom these Protected Documents or the information therein are disclosed, other than counsel of record, shall be required to sign a copy of the Acknowledgment of Joint Stipulation form attached hereto as Exhibit A indicating that they have read and agree to abide by the terms of this Joint Stipulation and Protective Order. Counsel of record for each receiving party will send copies of the signed acknowledgment forms to the attorney of record for the producing party.

8. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. If a party wishes to file a Protected Document with the Court and therefore must move to file it under seal, it shall first provide notice of its intent to the party that produced the Protected Document, sufficiently in advance, so that the party that produced the Protected Document may join in the motion to seal.

9. All individuals subject to this Joint Stipulation who have access to the Protected Documents shall return or certify the destruction of any and all such Protected Documents, copies or reproductions, including, without limitation, any partial copies or reproductions, or any transcriptions or hand-written notes regarding the contents of the Protected Documents, in their possession to counsel of record for the producing party within thirty (30) days of the termination of this litigation, including all applicable appeals or remands. This obligation to return or destroy the Protected Documents and content shall occur prior to the termination of this litigation when an individual or entity is no longer a party or when an attorney or expert is no longer retained to work on this case, whichever applies. Individuals returning documents under any circumstance shall certify in writing that the documents, copies and reproductions, in whole or in part, have been returned or have been destroyed.

10. Any receiving party may challenge the designation of a document as a Protected Document or request that a Protected Document be disclosed to a person not contemplated by this Joint Stipulation. In such case, counsel shall confer in good faith in an attempt to resolve the issue. If they are unsuccessful, the issue will be presented to the Court. Unless and until the Court determines that the document is not entitled to the protected designation or that a Protected Document may be disclosed to an additional person (subject to compliance with paragraph 7, above), the receiving party shall treat the document as subject to this Joint Stipulation and Protective Order.

11. This Joint Stipulation and Protective Order does not constitute a ruling on the question of whether any Protected Document is admissible and does not constitute any ruling on any potential objection to the admissibility of any Protected Document. The parties reserve the right to challenge the use or admissibility of any Protected Document.

12. This Joint Stipulation and Protective Order shall survive the termination of this case and is binding for all time without further order of the Court.

PARSONS BEHLE & LATIMER

| | | |
|---|---|---|
| 1 | Dated: September 9, 2009 | Respectfully submitted, |
| 2 | | GREGORY A. BROWER<br>United States Attorney |
| 3 | | GREG ADDINGTON<br>Assistant United States Attorney |
| 4 | | Nevada Bar #6875<br>100 West Liberty St., Suite 600 |
| 5 | | Reno, NV 89501<br>(775) 784-5438 |
| 6 | | (775) 784-5181 – facsimile |
| 7 | | |
| 8 | | By: /s/ Ty Bair *(with permission by Michael R. McCarthy)*<br>JOHN C. CRUDEN |
| 9 | | Acting Assistant Attorney General<br>SARA E. COSTELLO |
| 10 | | Trial Attorney<br>TY BAIR |
| 11 | | United States Department of Justice<br>Environment & Natural Resources Division |
| 12 | | Natural Resources Section P.O. Box 663<br>Washington D.C. 20044-0663 |
| 13 | | (202) 305-0476 – phone<br>(202 305-0506 – facsimile |
| 14 | | Attorneys for Defendants |
| 15 | | By: /s/ Roger Flynn *(with permission by Michael R. McCarthy)*<br>HENRY EGGHART, Nevada Bar No. 3401 |
| 16 | | 630 East Plumb Lane<br>Reno, NV 89502 |
| 17 | | (775) 333-5282<br>(303) 823-4732 – facsimile |
| 18 | | ROGER FLYNN<br>JEFFREY C. PARSONS |
| 19 | | WESTERN ACTION MINING PROJECT<br>P.O. Box 349 |
| 20 | | 440 Main Street, #2<br>Lyons, CO 80540 |
| 21 | | (303) 823-5738<br>(303) 823-5732 – facsimile |
| 22 | | Attorneys for Plaintiffs |
| 23 | | |
| 24 | | By: /s/ Michael R. McCarthy<br>JIM B. BUTLER, Nevada Bar No. 8389 |
| 25 | | MICHAEL R. McCARTHY, Nevada Bar No. 9345<br>FRANCIS M. WIKSTROM, Utah Bar No. 3462 |
| 26 | | MICHAEL L. LARSEN, Utah Bar No. 4069<br>PARSONS BEHLE & LATIMER |
| 27 | | 333 Holcomb Ave.<br>Reno, NV 89501 |
| 28 | | (775) 323-1601<br>(775) 348-7250 – facsimile |

PARSONS BEHLE & LATIMER

- 5 -

201 South Main Street, Suite 1800
Salt Lake City, UT 84111
(801) 532-1234
(801) 536-6111 – facsimile
Attorneys for Defendant-Intervenor

The Court hereby APPROVED this Joint Stipulation and it is SO ORDERED, this ____ day of _____, 2009.

_____
LARRY R. HICKS
United States District Court Judge

P ARSONS
B EHLE &
L ATIMER

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2009, I electronically filed the foregoing **JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Henry Egghart, Nevada Bar No. 3401<br>630 East Plumb Lane<br>Reno, NC 89502<br>Telephone: (775) 333-5282<br>Facsimile:  (303) 823-5732<br>Email: hegghart@nvbell.net<br><br>Roger Flynn (*pro hac vice*)<br>Jeffrey C. Parsons (*pro hac vice*)<br>WESTERN ACTION MINING<br>  PROJECT<br>P.O. Box 349<br>440 Main Street, #2<br>Lyons, CO 80540<br>Telephone: (303) 823-5738<br>Facsimile:  (303) 823-5732<br>Email: wmap@igc.org<br><br>Attorneys for Plaintiffs | Ty Bair<br>Trial Attorney<br>Sara E. Costello, Trial Attorney<br>Trial Attorney<br>United States Department of Justice<br>Environmental & Natural Resources<br>  Division<br>General Litigation Section<br>P.O. Box 663<br>Washington, D.C., 20044-0663<br>Telephone:  (202) 305-0476<br>Facsimile:  (202) 305-0506<br>Email:  tyler.bair@usdoj.gov<br>          sara.costello@usdoj.gov<br><br>Gregory A. Bower<br>United States Attorney<br>Greg Addington<br>  Nevada Bar No. 6875<br>Assistant United States Attorney<br>United States Attorney's Office<br>100 West Liberty Street<br>Suite 600<br>Reno, NV 89501<br>Telephone: (775) 784-5438<br>Facsimile:  (775) 784-5181<br><br>Attorneys for Federal Defendants |

/s/ Michael R. McCarthy

4846-8272-1796.5

PARSONS
BEHLE &
LATIMER

1